## WASHINGTON ASSOCIATION OF CLASSROOM TEACHERS, Appellee,

v.

## INDEPENDENT SCHOOL DISTRICT NO. I-05 OF McCLAIN COUNTY, OKLAHOMA, a/k/a Washington Public Schools; and the Board of Education of Independent School District No. I-05 of McClain County, Oklahoma, Appellants,

and

**Tabby Andrews, Barbara A. Moss, Donna Schneberger, Loretta Dodson, Rebecca Lynn Dennis, Patty Place, Teresa Wiedenmann, Jenni Kirtley, Lori Bray, Jan Gattis, Peggy Moore, and Gail Grissom, Intervening Teachers, Appellants.**

No. 81621.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 10, 1993.

As Corrected Aug. 16, 1993.

Certiorari Denied Oct. 12, 1993.

William P. Bleakley, Linda Maria Meoli, Oklahoma City, for appellants, Board and District.

Larry Lewis, Oklahoma City, for appellants, Teachers.

Richard B. Wilkinson, Oklahoma City, for appellee, Washington Assc. of Classroom Teachers.

## MEMORANDUM OPINION

GARRETT, Judge:

In the summer of 1992, the Superintendent of Independent School District No. I-05 of McClain County, Oklahoma (District) received several letters from teachers employed by District stating they did not wish to be represented by the Washington Association of Classroom Teachers (Appellee or Association). Since 1978, Association has been the recognized bargaining agent for all certified non-supervisory employees of District. It bargains with the Board of Education (Board) as to hours, wages, fringe benefits, and other working conditions. The Superintendent informed the teachers that for Association to discontinue representing them, an election would have to be requested in February of any given year, pursuant to 70 O.S.1991 § 509.2(C)(8).

The teachers circulated a petition to "disband" Association. It was submitted to the McClain County Election Board (Election Board) in a sealed packet. The Election Board verified the petition and determined it contained the requisite number of signatures to require an election. The Board scheduled an election for March 23, 1993, but it was rescheduled for March 30, 1993. The Superintendent contacted the Election Board and requested the election be held and that the ballot read:

( ) Continue bargaining representation

( ) Discontinue bargaining representation.

On March 26, 1993, Association filed this action to prevent the election from being conducted. District, Board and Election Board were defendants. Association alleged the election was unauthorized. Declaratory judgment and injunctive relief was requested. The trial court issued a temporary restraining order until April 21, 1993, which was the date set for hearing Association's application for injunctive relief. Prior to the April 21, 1993, hearing, several teachers intervened (Intervening Teachers), moved to dissolve the temporary restraining order, and opposed Association's petition. These Intervening Teach-

ers represented approximately 40% of the employees represented by the Association.

On April 30, 1993, the Court entered a declaratory judgment in favor of Association. The Court found the petition circulated by the teachers seeking to "disband" Association was insufficient to constitute a petition "calling for the discontinuation of representation" of the non-supervisory certified employees in collective bargaining. The Court also issued an injunction ordering District, Board, and the Election Board not to conduct such an election until such time as a petition sufficient to require such an election was presented in compliance with § 509.2(C)(8). Election Board is not a party to this appeal. District and Board were further enjoined from impeding Association in acting as bargaining agent for the certified employees.

District, Board and Intervening Teachers (Appellants) appeal. They contend the Negotiations Act (70 O.S.1991 § 509.1 et seq.) is the controlling law; it was properly followed; and therefore, the Court erred in entering the declaratory judgment and issuing the injunction. Appellants also contend that injunctive relief cannot lie against the District and the Board unless there is a showing of bad faith or fraud, and the right to vote cannot be denied except in extraordinary circumstances. Section 509.-2(C)(8) provides:

In any February more than two (2) years after recognition of an organization pursuant to the provisions of this section and upon receipt of a petition calling for the discontinuation of representation signed by thirty-five (35%) per cent of the employees eligible to be included in the unit, a local board shall call an election to determine whether the members of a unit wish to discontinue being represented for bargaining. If a majority of the votes cast are votes to discontinue representation, efforts to gain recognition by any organization shall be prohibited for a period of two (2) years commencing with the expiration of the contract then in force. The ballots used in such election shall, without reference to any organization by name, offer the single choice of continued representation or discontinuation of representation.

The pivotal issue in this appeal is whether the petition complies with this statute. The trial court held the petition did not comply with § 509.2(C)(8) and was insufficient to authorize or require the election.

The Negotiations Act contains a comprehensive procedure to recognize a bargaining agent for covered employees. It outlines the bargaining process, provides the procedure to challenge a bargaining agent, and provides the method to be used when the employees seek to discontinue being represented. The statutes authorize, but do not require a bargaining agent. Each employee may represent himself or herself.

The cases cited by Appellants as holding there can be no injunctive relief against District or Board in the absence of fraud or bad faith were decided prior to the enactment of the Negotiations Act and have been superseded by it.

A petition calling for an election to determine whether representation of the covered employees will be discontinued must comply with the statute. Specifically, § 509.2(C)(8) requires the Board to call an election when it receives a petition signed by 35% of the employees "calling for discontinuation of representation" by any agent. The petition being reviewed called for an election "seeking to disband the [Association]". Dissolution of the Association would not necessarily constitute discontinuation of representation by some other bargaining agent. The statute is clear and unambiguous and was not followed. See Jackson v. Independent School District No. 16, 648 P.2d 26 (Okl.1982).

Appellant's contention, that the employees' right to vote has been denied is not well taken. The employees have not been denied their right to vote. As the trial court stated in its judgment, when the requirements of § 509.2(C)(8) have been met, an election to discontinue bargaining representation may be held.

AFFIRMED.

HUNTER, P.J., and BAILEY, J., concur.